**UNITED STATES of America,**
**Appellee,**

**v.**

**Olabiyi Mohammed BLAIZE, also known as John Digiacomo, also known as Taofia Olabivi Blaize, also known as Olabyi Mohammed, also known as Billy Blazer, also known as Taofig Blaize, also known as Taogif Olabiyi, also known as Taofig Adeshola Mohammed, Defendant–Appellant.**

**No. 05–2116–cr.**

United States Court of Appeals,
Second Circuit.

April 25, 2006.

Steven A. Feldman, Feldman & Feldman, Uniondale, New York, for Appellant.

John G. Martin, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, Brooklyn, New York, for Appellee.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. DENNIS JACOBS, Hon. J. CLIFFORD WALLACE,* Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Olabiyi Mohammed–Blaize appeals from the April 28, 2005 judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*) convicting him, after jury trial, of attempted re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326. In his counseled brief, Mohammed–Blaize contends that the district court should have either (1) granted his motion to retain counsel or (2) *sua sponte* appointed new trial counsel. We assume the parties' familiarity with the facts and procedural history.

Although the Sixth Amendment's right to effective assistance of counsel "includes a right to a conflict-free representation," the right does not "guarantee a meaningful relationship between the defendant and his counsel." *United States v. John Doe No. # 1*, 272 F.3d 116, 122 (2d Cir.2001) (quotation marks and citations omitted). We review a district court's denial of a motion for substitution of counsel for abuse of discretion and consider four factors: (1) the timeliness of the defendant's request for new counsel; (2) the adequacy of the trial court's inquiry into the matter; (3) whether a conflict between the defendant and his attorney resulted in a "total lack of communication preventing an adequate defense"; and (4) "whether the defendant substantially and unjustifiably contributed to the breakdown in communication." *Id.* at 122–23 (quotation marks and citations omitted).

The district court did not abuse its discretion in denying Mohammed–Blaize's motion for new counsel. First, the motion was not timely, made after jury selection, after jeopardy had attached, and a few days before trial was to begin. We reject Mohammed–Blaize's contention that his attorney's allegedly improper remark justified the motion's untimeliness; the remark in question came *after* Mohammed–Blaize's motion. Second, the district court's inquiry into Blaize's sole substantial complaint about his counsel was adequate. The district court was aware that the cause of the absence of consultation between Mohammed–Blaize and his attorney was Mohammed–Blaize's "blurred" memory, and the district court correctly noted that Mohammed–Blaize had several days' time to consult with his appointed counsel before trial began. Third, Mohammed–Blaize

* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

does not dispute that he communicated with his appointed counsel before and during trial. Fourth, Mohammed–Blaize substantially and unjustifiably contributed to the absence of communication with counsel, refusing to communicate with counsel about his defense as he had with prior appointed counsel.

█ The district court did not err in failing to *sua sponte* appoint new counsel. *See id.* at 120–21, 126. Mohammed–Blaize's counsel made her remarks outside the presence of the jury and later explained that she then understood Mohammed–Blaize's defense after he began to communicate with her.

We hold Mohammed–Blaize's remaining contentions to be without merit. For the foregoing reasons, the district court's judgment is **AFFIRMED**.